IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA

      v.             CRIMINAL NO. 05-4 ERIE

EUGENE LAMONT GAVIN


CHANGE OF PLEA


Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, August 18, 2005.


APPEARANCES:
      MARSHALL J. PICCININI, Assistant United States
      Attorney, appearing on behalf of the Government.

      DANIEL J. BRABENDER, JR., Esquire, appearing on

behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the Change of Plea proceedings began at

4    9:40 a.m., on Thursday, August 18, 2005, in Courtroom C.)

5

6          THE COURT:  Mr. Gavin, I'm informed that you wish to

7    change the plea that you previously entered to Count One of

8    Criminal No. 05-4 Erie to a plea of guilty, is that correct?

9          THE DEFENDANT:  Yes.

10         THE COURT:  You're going to have to keep your voice

11    up, sir, speak into the microphone.

12         THE DEFENDANT:  Yes.

13         THE COURT:  Before accepting your guilty plea, there

14  are a number of questions that I will ask you to make certain

15  that it is a valid plea.  If you don't understand any question,

16  please tell me, and I will explain it to you.  If at any time

17  you wish to talk to Mr. Brabender, let me know, I will give you

18  an opportunity to consult.  I give you these instructions

19  because it is essential to valid plea that you understand every

20  question before you answer it.  Would you please raise your

21  right hand.

22         (Whereupon, the Defendant, EUGENE LAMONT GAVIN,

23  was sworn.)

24         THE COURT:  Do you understand now that you have been

25  sworn, your answers to my questions are subject to the

3

1  penalties of perjury or of making a false statement if you do

2  not answer truthfully?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Would you please state your full name?

5         THE DEFENDANT:  Eugene Lamont Gavin.

6         THE COURT:  How old are you?

7         THE DEFENDANT:  Twenty-nine.

8          THE COURT:  How far did you go in school?

9          THE DEFENDANT:  I got a diploma from high school.

10         THE COURT:  Sir, I can't hear you, you've got to

11  talk into the microphone?

12         THE DEFENDANT:  I have a high school diploma and I

13  have about six credits from getting a degree in computer

14  programing.

15         THE COURT:  All right.  And you can communicate in

16  English, is that right?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Mr. Brabender, have you been able to

19  communicate with him in English?

20         MR. BRABENDER:  Yes, your Honor.

21         THE COURT:  Have you taken any drugs or medication

22  or have you drunk any alcoholic beverages in the last 24 hours?

23         THE DEFENDANT:  No.

24         THE COURT:  Are you now or have you recently been

25  under the care of a physician or a psychiatrist?

4

1          THE DEFENDANT:  No.

2          THE COURT:  Are you now or have you recently been

3    hospitalized or treated for narcotic addiction?

4          THE DEFENDANT:  No.

5          THE COURT:  Do you understand what's happening

6    today?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Does either counsel have any doubt about

9    the competence of this defendant to plead guilty at this time

10   to charge contained in the Indictment; Mr. Piccinini?

11         MR. PICCININI:  No, your Honor.

12         THE COURT:  Mr. Brabender?

13         MR. BRABENDER:  No, your Honor.

14         THE COURT:  I find the defendant is competent to

15   plead.

16         Do you have an attorney with you here today?

17         THE DEFENDANT:  Yes.

18         THE COURT:  What's his name?

19         THE DEFENDANT:  Daniel Brabender.

20         THE COURT:  Have you had a sufficient opportunity to

21   discuss your case with him?

22         THE DEFENDANT:  I guess, not really but -- I just

23   spoke to him.

24          THE COURT:  Would you like to chat a little bit with

25   him?


                                    5


1          THE DEFENDANT:  Yeah, if possible.

2          THE COURT:  All right, we're going to take a short

3   break.

4          (Recess from 9:43 a.m.; until 9:54 a.m.)

5          THE COURT:  All right, Mr. Gavin, as I was saying,

6   have you had a sufficient opportunity to discuss your case with

7   Mr. Brabender?

8          THE DEFENDANT:  Yes.

9          THE COURT:  You just had some additional time to

10   chat with him while I took a break, you feel that was

11   sufficient, is that right?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  Are you satisfied with the

14   work that he's done for you in this case?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that if you continue

17   to plead not guilty and do not change your plea, you would have

18  the right to be assisted by an attorney at the trial of this

19  charge against?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And do you understand that if you did

22  not enter a guilty plea and if you qualified financially, you

23  would be entitled to be assisted by an attorney at no cost to

24  you at every phase of the processing of the charge against you?

25          THE DEFENDANT:  Yes.


                                6


1          THE COURT:  And do you understand that if you did

2  not plead guilty, under the Constitution and the laws of the

3  United States, you would be entitled to a speedy trial by a

4  judge and jury on the charge contained in the Indictment?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7  trial, you would be presumed to be innocent at the trial of the

8  charge against you?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that if there were a

11  trial, the government would be required to prove your guilt by

12    competent evidence and beyond a reasonable doubt before you

13    could be found to be guilty?

14            THE DEFENDANT:  Yes.

15            THE COURT:  Do you understand that if there were a

16    trial, you would not have to prove that you were innocent?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Do you understand that if there were a

19    trial, the jury would have to be unanimous in order to find you

20    guilty?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you understand that if there were a

23    trial, you would have the right to participate in the selection

24    of the jury; that you would have the right to strike or

25    eliminate any prospective juror if it was demonstrated that the


                                    7


1    juror would be unable to render a fair and impartial verdict;

2    and that you would have the right to strike or eliminate ten

3    jurors from the jury, and one alternate juror, without giving

4    any reason at all for so doing?

5            THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7    trial, the witnesses for the government would have to come to

8    court and they would have to testify in your presence?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that if there were a

11    trial, your counsel could cross-examine the witnesses for the

12    government, object to evidence offered by the government and

13    then offer evidence on your behalf?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that if there were a

16    trial, the government would have to pay witness fees to

17    witnesses which you wished to call on your behalf, if you

18    qualified as being financially unable to pay those fees?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that if there were a

21    trial, you would have the right to testify if you chose to?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that if there were a

24    trial, you would have the right not to testify and that no

25    inference or suggestion of guilt could be drawn from the fact

1  that you did not testify?

2      THE DEFENDANT:  Yes.

3      THE COURT:  If you plead guilty and I accept your

4  plea, do you understand that you will waive your rights I just

5  mentioned to you, that there will be no trial, and I will enter

6  a judgment of guilt and sentence you on the basis of your

7  guilty plea after considering a presentence report?

8      THE DEFENDANT:  Yes.

9      THE COURT:  If you plead guilty, do you understand

10  that you will also have to waive your right not to incriminate

11  yourself, because I'm going to ask you questions about what you

12  did in order to satisfy myself that you are guilty as charged

13  and you'll have to acknowledge your guilt?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Now that I mentioned your rights to you,

16  do you still wish to plead guilty?

17      THE DEFENDANT:  Yes.

18      THE COURT:  Have you received a copy of the

19  Indictment naming you, and have you discussed with your counsel

20  the charge in the Indictment to which you are pleading guilty

21   today?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Do you understand that you are charged

24   in Count One of the Indictment -- there is no superseding

25   Indictment, is there?


                                    9


1         MR. PICCININI:  There is not, your Honor.

2         THE COURT:  Do you understand that you are charged

3    in Count One of the Indictment as follows:  "From in and around

4    April, 2004 to in and around August, 2004, in the County of

5    Erie, in the Western District of Pennsylvania and elsewhere,

6    the defendants, Michelle Nicole Welsh and Eugene Lamont Gavin,

7    did knowingly, intentionally and unlawfully conspire with each

8    other and with others, both known and unknown to the grand

9    jury, to possess with the intent to distribute and distribute

10   five grams or more of a mixture and substance containing a

11   detectable amount of cocaine base, commonly known as crack, a

12   Schedule II controlled substance, contrary to the provisions of

13   Title 21, United States Code, Sections 841(a)(1) and

14   841(b)(1)(B)(iii).

15          In violation of Title 21, United States Code,

16   Section 846."

17          Do you understand the charge?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand that in order for the

20   crime of conspiracy to possess with intent to distribute and

21   distribute five grams or more of cocaine base, in violation of

22   Title 21, United States Code, Section 846 to be established,

23   the government must prove all of the following essential

24   elements beyond a reasonable doubt:

25          That two or more persons came to a mutual


                              10


1   understanding or agreement to try to accomplish a common and

2   unlawful plan to distribute and/or possess with intent to

3   distribute the controlled substance charged in the Indictment.

4          That the defendants knowingly and willfully became a

5   member of such conspiracy.

6          That cocaine base is a Schedule II controlled

7   substance pursuant to Title 21, United States Code, Section

8   812(c), Schedule II(a)(4).

9          And that the conspiracy had the specific unlawful

10   purpose of distributing and/or possessing with intent to

11   distribute five grams or more of cocaine base.

12          Do you understand the elements of this crime?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that the maximum

15   penalty for a violation of Count One is a term of imprisonment

16   of not less than five years to a maximum of 40.

17          A fine not to exceed $2 million.

18          A term of supervised release of at least four years.

19          For a second or subsequent felony drug conviction

20   that is final, whether federal, state or foreign; a term of

21   imprisonment of not less than 10 years to a maximum of life.

22          A fine not to exceed $4 million.

23          A term of supervised release of at least eight

24   years.

25          As well as a mandatory special assessment of $100.


11


1          Do you understand the maximum penalty for a

2   violation of Count One?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Has anybody made any threat to you or to

5    anyone else that has forced you in any way to plead guilty

6    today?

7          THE DEFENDANT:  No.

8          THE COURT:  All right.  My understanding is that

9    there is no plea agreement in this case?

10          MR. PICCININI:  That is correct, your Honor.

11          THE COURT:  Now, do you understand that the offense

12    to which you are pleading guilty today is a felony offense;

13    that if your plea is accepted you will be adjudged guilty of

14    that offense and that such adjudication may deprive you of

15    valuable civil rights; such as the right to vote, hold public

16    office, the right to serve on a jury and the right to possess

17    any kind of firearm; do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Under the Sentencing Reform Act of 1984,

20    the United States Sentencing Commission has issued guidelines

21    for judges to follow in determining sentences in criminal cases

22    for offenses occurring after November 1, 1987.  Have you and

23    Mr. Brabender talked about how the Sentencing Guidelines might

24    apply to your case and the fact that the suggested guideline

25  ranges are now advisory by virtue of two Supreme Court

12

1  decisions?

2       THE DEFENDANT:  Yes.

3       THE COURT:  Do you understand that I will not be

4  able to determine the advisory guideline sentence of your case

5  until after the presentence report has been completed and you

6  and the government have had an opportunity to challenge the

7  facts reported by the probation officer?

8       THE DEFENDANT:  Yes.

9       THE COURT:  Do you understand that after it has been

10  determined what guideline sentence applies to a case, the judge

11  does have the authority, in some circumstances, to impose a

12  sentence that is more severe or less severe than that called

13  for by the guidelines?

14       THE DEFENDANT:  Yes.

15       THE COURT:  Do you understand that under certain

16  circumstances you or the government may have the right to

17  appeal any sentence which I impose?

18       THE DEFENDANT:  Yes.

19          THE COURT:  And do you understand that parole has

20  been abolished and that if you are sentenced to a term of

21  imprisonment, you will not released on parole?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that if the sentence

24  is more severe than you expected it to be, you will still be

25  bound by your guilty plea and that you will have no right to

13

1  withdraw it?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Except for your discussions with Mr.

4  Brabender about the Sentencing Guidelines, has anybody made any

5  prediction or promise to you about what your sentence will be?

6          THE DEFENDANT:  No.

7          THE COURT:  Has anything that I have said here today

8  suggested to you what your actual sentence will be?

9          THE DEFENDANT:  No.

10          THE COURT:  Have you been instructed by your

11  counsel, by government counsel, or by anybody else to respond

12  untruthfully to any question about a promised sentence?

13        THE DEFENDANT:  No.

14        THE COURT:  Mr. Gavin, did you, as previously read

15  to you by me, commit the offense as charged?

16        THE DEFENDANT:  Yes.

17        THE COURT:  What would be the government's proof,

18  Mr. Piccinini?

19        MR. PICCININI:  Your Honor, if this matter proceeded

20  to trial, the government would provide testimony from members

21  of the Erie Area Gang Law Enforcement Task Force, who would set

22  forth, based upon their investigation, a conspiracy between Mr.

23  Gavin, co-conspirator Welsh, as well as unindicted

24  co-conspirator Anthony Gamble.

25        The testimony of the unindicted co-conspirators,


14


1  co-defendants, and others would establish that Anthony Gamble

2  had been incarcerated in both the Erie County Prison and the

3  Albion State Correctional facility.  During the timeframe of

4  his incarceration, he made arrangements with his girlfriend,

5  Michelle Welsh, to coordinate with Mr. Gavin so that Mr. Gavin

6  would continue to supply Ms. Welsh, so that she could sell

7   crack cocaine to Mr. Anthony Gamble's former clients.

8          The testimony and the evidence at trial would

9   include multiple telephone conversations between Mr. Gamble and

10  Ms. Welsh throughout the months of April, May, June and August

11  of 2004, setting forth their discussions concerning the

12  conspiracy and their desire to obtain crack cocaine from Mr.

13  Gavin.  In addition to conversations also recorded from the

14  prison phone facility that were engaged in between Mr. Gavin,

15  Ms. Welsh and Mr. Gamble confirming the nature of that

16  conspiracy.

17         In addition to that evidence, on January 20, 2005,

18  the defendant was interviewed by members of the EAGLE Task

19  Force and admitted that after Anthony Gamble was arrested, he

20  had made arrangements for Gavin to supply Ms. Welsh, so that

21  she could sell crack cocaine to customers for crack cocaine.

22         He admitted that during his conspiracy with Ms.

23  Welsh he sold crack cocaine to her for purposes of her

24  supplying those other individuals.  That would be the nature of

25  the government's proof.

15

1          THE COURT:  All right.  Mr. Gavin, you just heard

2   what Mr. Piccinini has said by way of summary as to what the

3   government's proof would be, do you agree with everything he

4   said?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you still wish to plead guilty?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Is it your advice that he do so, Mr.

9   Brabender?

10          MR. BRABENDER:  Yes, your Honor.

11          THE COURT:  Because you acknowledge that you are in

12   fact guilty as charged in Count One of Indictment No. 05-4

13   Erie, because you know about your right to a trial, because you

14   know what the maximum possible penalties are and because you

15   are voluntarily pleading guilty, I will accept your guilty plea

16   and enter a judgment of guilty on your plea to Count One of

17   Indictment No. 05-4 Erie.

18          It is therefore the finding of the court in the case

19   of United States of America versus Eugene Lamont Gavin that

20   this defendant is fully competent and capable of entering an

21   informed plea, and that his plea of guilty is a knowing and

22  voluntary plea supported by an independent basis in fact

23  containing each of the essential elements thereof and,

24  therefore, the plea is accepted and the defendant is now

25  adjudged guilty of the charge.


16


1       Mr. Brabender, would you please have your client and

2  yourself execute the change of plea.

3       (Whereupon, the Change of Plea was executed by the

4  Defendant and Defense Counsel.)

5       THE COURT:  Mr. Gavin, a presentence report will be

6  prepared by the United States Probation Office.  It is in your

7  best interests to cooperate with the probation officer in

8  furnishing information for the report because that report will

9  be important in my decision about what your sentence will be.

10      Disposition of sentencing in this case is set for

11  November 18, 2005, at 10 a.m., in this courtroom.  All right,

12  we're adjourned.

13

14      (Whereupon, at 10:06 a.m., the Change of Plea

15  proceedings were concluded.)

16

17                - - -

18

19

20

21

22

23

24

25

                                        17

1               C E R T I F I C A T E
                _ _ _ _ _ _ _ _ _ _

2

3

4

5        I, Ronald J. Bench, certify that the foregoing is a

6    correct transcript from the record of proceedings in the

7    above-entitled matter.

8

9

10

11  _____

12  Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25