IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-4 Erie |
| | ) | |
| EUGENE LAMONT GAVIN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
WITHDRAW PLEA AND FOR APPOINTMENT OF NEW COUNSEL**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

**I.     INTRODUCTION**

This matter arises from the defendant's plea of guilty to conspiracy to possess with intent to distribute five or more grams of crack cocaine. The defendant, Mr. Gavin, is seeking to withdraw his plea because he disagrees with the quantity of crack cocaine that is attributed to him in the Presentence Investigation Report (PSR). Mr. Gavin asserts that at the time he changed his plea to guilty, it was his belief that his plea encompassed only 7 grams, and not the 31.89 grams calculated by the United States Probation and Pretrial Services Office.

Mr. Gavin also asserts that he has attempted to discuss the crack quantity issue and other issues with his attorney, but his attorney has not responded to any of his letters or phone

calls. Because of his lack of confidence in his current counsel, Mr. Gavin seeks to have new counsel appointed.

It is the Government's position that Mr. Gavin has not met his substantial burden of demonstrating a fair and just reason for withdrawing his plea, largely because the calculation of the specific quantity of crack cocaine is a sentencing issue and is irrelevant to the plea. With respect to Mr. Gavin's request for new counsel, the government does not object to Mr. Gavin retaining private counsel, but it objects to the appointment of new counsel.

## II. ARGUMENT

### A. Motion to Withdraw Plea

It is well settled that once a court accepts a defendant's guilty plea, the defendant cannot withdraw it simply at his whim. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted). Rather, pursuant to Federal Rule of Criminal Procedure 11(d), a defendant must show a fair and just reason for requesting to withdraw his plea. Fed.R.Crim.P. 11(d)(2)(B). The burden of demonstrating a fair and just reason falls on the defendant, and the burden is substantial. Jones, 336 F.3d at 252 (citing United States v. Hyde, 520 U.S. 670 (1997)).

In evaluating Mr. Gavin's request, this Court must consider three factors:

(1) whether the defendant asserted his innocence;

(2) the strength of the defendant's reasons

>     for wanting to withdraw his plea; and
>
> (3) whether the government would be prejudiced if the defendant were permitted to withdraw his plea.

United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001); United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989). As discussed below, none of these factors weighs in favor of Mr. Gavin.

### 1. Whether the defendant asserted his innocence

Mr. Gavin has not asserted that he is innocent. Quite to the contrary, he admits that he possessed 7 grams of crack cocaine that he intended to sell. Nevertheless, he disputes that he possessed more than 7 grams, specifically, 31.89 grams as set forth in the PSR. However, while the specific quantity is relevant to sentencing, it is irrelevant to the plea, because whether Mr. Gavin had 7 grams of crack or 31.89 grams of crack, his admission to having 7 grams satisfies the factual predicate necessary for the offense to which he pled - conspiracy to possess with intent to distribute 5 or more grams of cocaine base.

Even if this Court were to accept Mr. Gavin's argument as an assertion of innocence, Mr. Gavin still cannot satisfy this factor. An assertion of innocence must be substantiated by facts in the record that support a claimed defense. Brown, 250 F.3d at 252. Mr. Gavin has made a bald assertion as to the amount of crack attributable to him, but has not pointed to any evidence to support his claim. Indeed, the record belies his bald assertion.

Mr. Gavin's co-conspirator, Michelle Welsh, told law enforcement that she purchased an eighth of an ounce of crack cocaine from Mr. Gavin every few days for a couple of weeks. Even giving Mr. Gavin the benefit of the doubt, he is responsible for at least the 31.89 grams calculated in the PSR. Having set forth no evidence to the contrary, Mr. Gavin cannot be said to have substantiated even a partial assertion of innocence.

**2. The strength of the defendant's reasons for wanting to withdraw his plea**

Mr. Gavin's dispute as to the quantity of crack cocaine attributable to him is not a strong ground for wanting to withdraw his plea for three reasons. First, as discussed above, the precise quantity of crack cocaine in this case is irrelevant for purposes of the plea because Mr. Gavin pled to an offense involving "5 or more grams" and he admits to having 7 grams. Whether he sold 7 grams or 30 grams, he is guilty of the offense to which he pled.

Second, Mr. Gavin's challenge to the quantity of crack cocaine in this case is a sentencing issue. It is not necessary, nor permissible, for Mr. Gavin to withdraw his plea in order to contest the calculation of the quantity of crack cocaine. Rather, Mr. Gavin can challenge the quantity of crack cocaine calculated in the PSR by filing a Position with Respect to Sentencing Factors stating his objection to the quantity of cocaine base used in determining the advisory guideline sentencing range.

Third, Mr. Gavin was advised during his plea colloquy that he could receive a maximum sentence of forty years in prison. (Tr. 10-11)[1]. The advisory guideline range calculated in the PSR does not exceed the forty year statutory maximum of which he was advised. This Court also advised Mr. Gavin that the Sentencing Guidelines were advisory and that this Court would not be able to determine the advisory guideline range until after completion of the PSR and any objections thereto. (Tr. 11-12). Knowing this, Mr. Gavin still chose to change his plea to guilty. He cannot now, in anticipation of receiving a more severe sentence than he originally anticipated, be permitted to withdraw his plea. See United States v. Smith, 818 F.Supp. 123, 127 (W.D. Pa. 1993) (defendant not permitted to withdraw his plea because potential term of imprisonment was longer than he anticipated at the time of his plea).

Mr. Gavin's motion also could be construed as arguing that he should be permitted to withdraw his plea because of alleged ineffectiveness of his court-appointed counsel. According to Mr. Gavin, at the time of his plea, he told his attorney that he was only willing to plead to the offense as to 7 grams of crack. His attorney advised him that the specific amount would be determined at the time of his presentence investigation. (Def. Motn., p. 1).

---

[1] "Tr." refers to the transcript of the Change of Plea hearing held on August 18, 2005, at this docket number.

Because the PSR lists the amount as 31.89 grams, Mr. Gavin asserts that he has been coerced into pleading to an amount much higher than 7 grams.

Mr. Gavin's argument stems from his confusion about the plea and sentencing process. When pleading to a drug offense, the amount stated within the offense, (i.e., 5 grams or more), is for purposes of determining the minimum (5 years) and maximum (40 years) sentence that can be received. The exact amount beyond 5 grams, whether it be 7 or 31.89 grams is only relevant to sentencing somewhere between the minimum and maximum imprisonment terms. Thus, the only amount Mr. Gavin "pled to" is 5 or more grams, not 7 grams, and not 31.89 grams. Mr. Gavin's attorney correctly advised him that the specific amount of crack cocaine would be determined at the time of sentencing. This advice does not constitute ineffective assistance nor does it warrant allowing Mr. Gavin to withdraw his plea.

> 3. **Whether the government would be prejudiced if the defendant were permitted to withdraw his plea**

The Government need not show prejudice when the defendant has failed to demonstrate that the other two factors support a withdrawal of the plea. <u>Jones</u>, 336 F.2d at 255 (citation omitted). Here, Mr. Gavin has by no means asserted that he is innocent, nor has he set forth valid reasons for seeking to withdraw his plea. Accordingly, the Government submits that it does not need to

demonstrate that it would be prejudiced if Mr. Gavin were permitted to withdraw his plea.

In sum, Mr. Gavin has failed to carry his substantial burden of demonstrating a fair and just reason for seeking to withdraw his plea, and therefore, his request should be denied.

### B.  Motion for Appointment of New Counsel

The government has no objection to Mr. Gavin's request to obtain new counsel.  However, the government is adamantly opposed to new counsel being *appointed* to represent Mr. Gavin.  It is well settled that although indigents in criminal cases have a fundamental right to have counsel appointed to represent them, "there is no corollary right to have any special rapport or even confidence in the court appointed counsel."  Siers v. Ryan, 773 F.2d 37, 44 (3d Cir. 1985)(citations omitted).  Nor is there an absolute right to counsel of one's choice.  Id. (citing Davis v. Stamler, 650 F.2d 477, 479-80 (3d Cir. 1981)).

Mr. Gavin has intimated that his family has the financial means to hire a lawyer to represent him.  The government does not object to Mr. Gavin hiring a private attorney, to the extent that it does not significantly delay the sentencing hearing.  The government also does not object to a limited continuance of the sentencing hearing to provide current court-appointed counsel or newly retained counsel sufficient time to file a "Position with Respect to Sentencing Factors" challenging the drug quantity

calculation, if such a challenge is supported by the facts.

### III. **CONLCUSION**

WHEREFORE, the government respectfully requests this Court to deny the defendant's requests to withdraw his plea and for the appointment of new counsel.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


/s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362