IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-4 Erie |
| | ) | |
| EUGENE LAMONT GAVIN | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S EXCEPTIONS TO PRE-SENTENCE REPORT**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

**I.   INTRODUCTION**

The defendant, Eugene Gavin, pled guilty to conspiracy to possess with intent to distribute five or more grams of crack cocaine. In preparation for sentencing, the United States Probation and Pretrial Services Office prepared a Presentence Investigation Report (PSR) in which the amount of crack cocaine attributable to Gavin in the conspiracy was calculated as 31.89 grams. Gavin disagrees with this calculation and argues that only 7 grams of crack cocaine are attributable to him.

It is the Government's position that the amount of crack cocaine is correctly calculated in the PSR based on information obtained from Gavin's indicted co-conspirator, Michelle Welsh, regarding how much crack cocaine she purchased from him.

II. **ARGUMENT**

The Third Circuit has recognized that in calculating the amount of drugs involved in a particular operation, a degree of estimation is sometimes necessary. <u>United States v. Gibbs</u>, 190 F.3d 188, 203 (3d Cir. 1999) (citing <u>United States v. Paulino</u>, 996 F.2d 1541, 1545 (3d Cir. 1993)). Likewise, the Sentencing Guidelines provide, "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. §2D1.1 (Application Note 12).

The evidence upon which the approximation is based need not be admissible at trial, but it must have "sufficient indicia of reliability to support its probable accuracy." <u>Gibbs</u>, 190 F.3d at 203 (citation omitted). In determining the drug quantity, the court may consider relevant conduct, including the conduct of co-conspirators that was in furtherance of and reasonably foreseeable in connection with the criminal activity jointly undertaken by the defendant. <u>Gibbs</u>, 190 F.3d at 214 (citation omitted). Furthermore, a court may estimate drug quantity involved in a conspiracy based on evidence of the average drug transactions during the conspiracy. <u>Gibbs</u>, 190 F.3d at 219 (citing U.S.S.G. §2D1.1, application note 12).

Gavin's co-conspirator, Michelle Welsh, told law enforcement that initially, Gavin gave her $50.00 worth of crack

cocaine to sell. She then paid Gavin for an "eightball" of crack cocaine. Thereafter, she purchased an eighth of an ounce of crack cocaine from Gavin every few days for a couple of weeks. According to Welsh, she then ran out of money, and Gavin gave her an eighth of an ounce of crack on credit, for which she never paid him. Thus, minimally, Gavin provided an eighth of an ounce of crack cocaine to Welsh on nine occasions: the first eightball; 1/8 ounce at least 7 times over a couple of weeks; and the final eightball on credit. Even giving Gavin the benefit of the doubt, he is responsible for at least the 31.89 grams calculated in the PSR.

Welsh's statements to law enforcement bear sufficient indicia of reliability because her statements also incriminate her. It is reasonable to believe that Welsh would not confess to buying more crack cocaine from Gavin than she actually purchased. Rather, common sense dictates that Welsh either accurately stated or understated the amount of crack cocaine that she purchased from Gavin. Therefore, the conservative estimate of 31.89 grams is a reliable approximation of the amount of crack cocaine upon which to base Gavin's sentence.

Accordingly, the PSR correctly sets forth the base offense level as 28 and the total offense level, after an adjustment for acceptance of responsibility, as 25. Offense level 28, under §2D1.1(c)(6) of the Guidelines, applies to a cocaine base quantity of at least 20 grams but less than 35 grams. Thus, even

if the drug quantity was lowered to 20 grams the same guideline would apply.

### III. CONCLUSION

WHEREFORE, the Government requests this Court to deny the defendant's Exceptions to the PreSentence Report.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 /s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362