NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1275
_____

UNITED STATES OF AMERICA

v.

EUGENE LAMONT GAVIN,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00004-2E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2006

Before: SMITH, FISHER and COWEN, *Circuit Judges*.

(Filed October 31, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After pleading guilty to a charge of conspiring to possess with intent to distribute five or more grams of cocaine base, Eugene Gavin was sentenced to 125 months imprisonment. Gavin appeals his sentence claiming that the District Court erred (1) in

calculating the drug quantity, and (2) in basing Gavin's sentence on facts that were neither admitted by Gavin nor found by a jury.  For the reasons that follow, we will affirm the District Court's sentence.

I.

We write only for the parties and thus will forgo a lengthy recitation of the factual and legal background to this case.  Gavin and his co-defendant, Michelle Nicole Welsh ("Welsh"), were indicted by a grand jury in January 2005.  The indictment charged both Gavin and Welsh with conspiracy to possess with intent to distribute five or more grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii).  Both Gavin and Welsh pleaded guilty in August 2005.

A pre-sentence report ("PSR") was prepared for Gavin, in which his base offense level was calculated to be 28.  This calculation was based on statements made by Welsh that she had received 1/8 of an ounce of crack cocaine at least nine times over a period of a couple of weeks from Gavin.  The PSR explained that

> Nine 1/8 ounce quantities of cocaine base are equivalent to 1.125 ounces of cocaine base.  One ounce is equivalent to 28.35 grams.  Thus, 1.125 ounces of cocaine base is equivalent to 31.89 grams of cocaine base.

PSR ¶ 17.  The PSR determined that because of the quantity of drugs, the base offense level was 28.  Three offense points were subtracted, which brought the offense level to 25, for Gavin's acceptance of responsibility and guilty plea.  Gavin filed exceptions to the

PSR, in which he argued that he only supplied Welsh with 1/8 ounce of crack cocaine on two occasions. According to Gavin, because one eighth of an ounce is approximately 3.54 grams, the amount he gave Welsh was approximately seven grams. If seven grams were used to calculate the base offense level, it would have been a 26.[1] *See* U.S.S.G. § 2D1.1(c)(7).

Welsh testified at Gavin's sentencing and the District Court found her testimony regarding the quantity of crack cocaine she received from Gavin to be credible. The District Court dismissed Gavin's exceptions and sentenced him based on a finding by a preponderance of the evidence that he gave Welsh at least 20 grams of crack cocaine. The sentence was 125 months of imprisonment, which is less than the statutory maximum under 21 U.S.C. § 841(b)(1)(B)(iii). Gavin timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, 437 F.3d 324, 327-28, nn.3-4 (3d Cir. 2006).

II.

Gavin first argues that the District Court's determination of the quantity of the cocaine base distributed by Gavin was not supported by a preponderance of the evidence. The burden of proof under the guidelines for sentencing facts is a preponderance of the evidence. *See Cooper*, 437 F.3d at 330. We review a district court's findings of fact

---

[1] After the reductions, the offense level would have been a 23, and the advisory guideline range would have been 84 to 105 months imprisonment.

3

regarding quantities of drugs for clear error.[2]  *See United States v. Gibbs*, 190 F.3d 188, 204 (3d Cir. 1999).

In *United States v. Gibbs*, we recognized that district courts may estimate drug quantities based on a co-defendant's testimony "about average amounts sold per day multiplied by the length of time sold."  *Id.*  Both parties agree that sometimes a degree of estimation is necessary when determining drug quantities because of the covert nature of the drug trade.  *See United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993).  Additionally, the absence of direct evidence does not prevent a district court from estimating drug quantities.  *See id.*  However, the evidence must possess "sufficient indicia of reliability to support its probable accuracy."  *Gibbs*, 190 F.3d at 203 (citation omitted).

In this case, Welsh testified at the sentencing hearing.  She was cross-examined and even was questioned by the District Court.  Although Welsh admitted that she did not know exactly how many times she received crack cocaine from Gavin, she testified that she received an eighth of an ounce of crack cocaine from Gavin at least ten times[3] over a period of at least two or three weeks.  In order for the quantity of drugs to be at least 20

---

[2] The parties agree that the clearly erroneous standard should govern this case.  Even though the United States Supreme Court excised the "clearly erroneous" standard from 18 U.S.C. § 3742(e), the standard of review for findings of fact is still clear error.  *See, e.g.*, *United States v. Robinson*, 433 F.3d 31, 38 (1st Cir. 2005).

[3] As discussed above, the PSR provides that Welsh informed the authorities that she had bought crack cocaine from Gavin on at least nine occasions.

4

grams, there only had to be about seven purchases of an eighth of an ounce of crack cocaine. The District Court found Welsh's testimony credible, especially in light of its opportunity to observe her demeanor and her description of Gavin's house where she bought the crack cocaine, and despite the fact that she was uncertain of the number of times she bought crack cocaine from Gavin and the time period. It was aware that Welsh had a deal with the government, and it considered as an additional indicia of reliability the fact that Welsh's testimony regarding the amount of the crack cocaine that she received from Gavin would increase the drug quantity considered in her own sentencing. The District Court found that, at a minimum, the United States proved by a preponderance of the evidence that Gavin had 20 grams of crack cocaine to Welsh.

In light of the record, we find that there was sufficient evidence in this case for the District Court's finding that the government proved by a preponderance of the evidence that Gavin sold at least 20 grams of crack cocaine to Welsh.[4] Therefore, we will affirm the District Court's determination of the quantity of drugs in this case.

---

[4] We reject Gavin's argument that the evidence was not sufficient because there was no direct evidence, such as notes or cellular phone records, to confirm Welsh's testimony. As we explained above, direct evidence is not required for a district court to estimate drug quantity as long as the evidence possesses "sufficient indicia of reliability." *See Gibbs*, 190 F.3d at 203 (citation omitted). We believe that the record demonstrates that the evidence in this case possessed sufficient indicia of reliability.

III.

Gavin next argues that the District Court's sentence violated his Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220 (2005), because the factual determinations of drug quantity were neither admitted by Gavin nor determined by a jury. According to *Booker*, "a fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The statutory maximum after *Booker* is the maximum prescribed by the United States Code. *See id.* at 259. The statutory maximum for conspiracy to possess with intent to distribute 5 or more grams of cocaine base, which Gavin pled guilty to, is forty years. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Gavin's sentence is 125 months, which is less than forty years. Therefore, the sentence is within the statutory maximum and the facts considered in determining the length of the sentence only had to be proved by a preponderance of the evidence. *See Cooper*, 437 F.3d at 330.[5]

IV.

We agree with the District Court's findings that the United States proved by a preponderance of the evidence that Gavin sold at least 20 grams of crack cocaine to Welsh. Additionally, because the District Court's findings of drug quantity did not

---

[5] Gavin did not raise a claim on appeal that his sentence was unreasonable. The District Court considered the § 3553(a) factors and sentencing grounds raised by the parties. *See Cooper*, 437 F.3d at 332. Therefore, we find the sentence is reasonable.

increase Gavin's sentence to more than the statutory maximum it did not need to be admitted by the defendant or found by a jury. Therefore, we will affirm the judgment of the District Court.