# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 05-4 Erie |
| v. ) | |
| EUGENE LAMONT GAVIN ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., District Judge.

This matter is before the Court upon Defendant Eugene Lamont Gavin's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 [ECF No. 105].

Following his conviction for conspiracy to possess with intent to distribute and distribution of five grams or more of crack cocaine, Defendant was sentenced on January 11, 2006 to a term of imprisonment of 125 months followed by 4 years of supervised release. See [ECF No. 60] Minute Entry and [ECF No. 61] Judgment. Defendant's base offense level was calculated to be 28 because his conduct involved 31.89 grams of crack cocaine. After a 3-level reduction for acceptance of responsibility and with a criminal history category V, the sentencing range was calculated to be 100 to 125 months of incarceration. On October 31, 2006, the Third Circuit affirmed his sentence. See United States v. Gavin, 205 Fed. Appx. 56 (3rd Cir. 2006).

On January 30, 2009, pursuant to a motion to reduce sentence under 18 U.S.C. § 3582, Defendant's sentence was reduced due to the retroactive application of Sentencing Guideline Amendment 706. See [ECF No. 103] Order. Defendant's base offense level was reduced 2 levels to 26, and with a 3-level reduction for acceptance of responsibility, ultimately to 23. With a criminal history category V, Defendant's advisory guideline range was 84 to 105 months. He was sentenced to 90 months of incarceration. Id.

1

On August 11, 2011, Defendant, proceeding *pro se*, filed the instant motion for relief, seeking a further reduction in his sentence of six months, pursuant to 18 U.S.C. § 3582 based on the Fair Sentencing Act of 2010 ("FSA"). The FSA, signed into law on August 3, 2010, modified the penalties for distribution of cocaine base contained in 21 U.S.C. § 841(b)(1)(A). It changed the amount of cocaine base that triggered the five-year mandatory minimum term of imprisonment from 5 grams to 28 grams and the ten-year mandatory minimum term of imprisonment from 50 grams to 280 grams, creating a 1:18 ratio with powder cocaine. The Sentencing Guidelines implementing the new law provide that the base offense level for an offense involving at least 28 grams but less than 112 grams of cocaine base is 26. See U.S.S.G. §2D1.1(c)(7).

Given that the Defendant's offense involved 31.89 grams of crack cocaine, his base offense level of 26, as well as the advisory guideline range of 84 to 105 months, remains unchanged. In his Reply to the Government's Response Defendant concedes as much, but asks this Court to further reduce his sentence by six months to the low end of the advisory range (i.e., 84 months), based upon efforts Defendant has allegedly made to "reform" himself while in prison. See [ECF No. 109] Reply Brief p. 1. There is no basis, however, under 18 U.S.C. § 3582(c) or Fed.R.Crim.P. 35(a) for any further reduction of his sentence.

Accordingly, on this 21st day of October, 2011, and for the reasons set forth above, IT IS HEREBY ORDERED that the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 [ECF No. 105] is DENIED.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.